UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| T.T., Plaintiff, | IN ADMIRALTY |
| v. | CAUSE NO.: |
| HOLLAND AMERICA LINE, INC., Defendant. | COMPLAINT FOR DAMAGES |
| | JURY TRIAL DEMANDED |

Plaintiff, T.T., alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to general maritime law, 28 U.S.C. § 1333, as this matter involves claims which are maritime in nature and come under this Court's admiralty jurisdiction.

2. At all relevant times, Plaintiff was a resident of Yakima, Washington and under the age of eighteen.

3. At all relevant times, Defendant Holland America Line, Inc. was and is a foreign corporation which maintains its headquarters and/or place of business at 450 Third Avenue W, Seattle, Washington and engages in the business of managing, operating, owning and/or chartering passenger vessels including, but not limited to the M/V *Zuiderdam*.

4. The Court has personal jurisdiction over the parties.

THE SULLIVAN LAW FIRM
K.SULLIVAN@SULLIVANLAWFIRM.ORG
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WASHINGTON 98104
206.903.0504

5. Venue is proper under 28 U.S.C. § 1391 insofar as Defendant may be found within this District.

## II. FACTUAL ALLEGATIONS

6. In July 2006, Plaintiff and her parents were fare-paying passengers on the M/V *Zuiderdam* for a seven-day cruise to Alaska, embarking and disembarking in Vancouver BC.

7. While aboard the M/V *Zuiderdam*, Plaintiff was sitting in a public lounge when approached by a crewmember who identified himself as Archimedes. Archimedes attempted to engage in conversation with Plaintiff. Plaintiff did not understand what Archimedes was saying because he did not speak English well. Plaintiff left the lounge shortly thereafter.

8. The next day, Plaintiff was walking in a hallway past passenger cabins when she ran into Archimedes. Archimedes suddenly pushed Plaintiff into a corner and made an unwanted physical contact by kissing her. Plaintiff immediately shoved Archimedes away and ran to her cabin.

9. Near the end of the cruise, Plaintiff was walking down a hallway on a lower level of the ship when Archimedes suddenly grabbed and forced her into an empty room nearby, locked the door, and raped her.

10. When Archimedes was about to leave, two other crewmembers walked into the room from a different door. Upon seeing them, Archimedes fled the room. The two crewmembers pursued Archimedes, leaving Plaintiff on the floor crying.

11. After the two crewmembers left, Plaintiff returned to her cabin. Feeling ashamed and confused, she did not tell anyone what happened.

12. Plaintiff never saw Archimedes or the two crewmembers who walked into the room again.

THE SULLIVAN LAW FIRM
K.SULLIVAN@SULLIVANLAWFIRM.ORG
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WASHINGTON 98104
206.903.0504

13. The rape occurred while the ship was at sea. The ship arrived in Vancouver BC the next day and Plaintiff and her parents disembarked.

14. At all relevant times, Defendant hired, retained and/or employed Archimedes as a member of the crew of the M/V *Zuiderdam*.

15. Plaintiff was unaware of the connection between her psychological problems and childhood sexual assault or that Defendant was potentially liable until sometime around the end of 2016/beginning of 2017 when she disclosed the assaults discussed herein to her fiancé.

## III. CAUSE OF ACTION: SEXUAL ASSAULT

16. All allegations in paragraphs 1 through 15 are incorporated herein.

17. Plaintiff was sexually assaulted twice by a crewmember of the M/V *Zuiderdam*.

18. The sexual assaults occurred while Defendant had a carrier-passenger relationship with Plaintiff.

19. Plaintiff never consented to being sexually assaulted or otherwise injured by Archimedes.

20. As a crewmember of the M/V *Zuideram*, Archimedes owed a duty to protect and care for the Plaintiff's safety. He, instead, deliberately, knowingly and intentionally breached this duty by sexually assaulting Plaintiff.

21. Defendant is strictly liable for the acts or conduct of their respective employees, servants, and/or agents, including M/V *Zuiderdam* crewmember Archimedes.

22. As a direct result and proximate result of the actions alleged herein, Plaintiff has suffered extreme psychological injuries, personal inconveniences, and loss of the capacity for the enjoyment of life in an amount to be proven at trial.



THE SULLIVAN LAW FIRM
K.SULLIVAN@SULLIVANLAWFIRM.ORG
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WASHINGTON 98104
206.903.0504

23. As a direct and proximate result of the actions alleged herein, Plaintiff has suffered economic damages, including future counseling expenses, lost income and earning capacity in amounts to be proven at trial.

## IV. PRAYER FOR RELIEF

Plaintiff seeks the following relief:

1. For an award of economic damages for an amount according to proof;

2. For an award of non-economic damages in an amount to be proven at trial; and

3. For such other and further relief as is just and equitable.

*Dated* this 21st day of August, 2017

THE SULLIVAN LAW FIRM

By: ______________________
Kevin P. Sullivan, WSBA #11987
Mina Shahin, WSBA #46661

Attorneys for Plaintiff



THE SULLIVAN LAW FIRM
K.SULLIVAN@SULLIVANLAWFIRM.ORG
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WASHINGTON 98104
206.903.0504